# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
------------------------------------------------------------------------ x

SHAKEENA GAILLARD, as Proposed Adminsitrator of the Estate of PIERRE CANN,

                                   Plaintiff,

-against-

THE CITY OF NEW YORK, POLICE OFFICER DWAYNE CARTER, SHIELD No. 3894, and POLICE OFFICERS JOHN DOES NUMBERS ONE THROUGH TEN,

                                   Defendants.

------------------------------------------------------------------------ X

**SUMMONS**

Index No.:

The Basis of Venue is:
Address of Plaintiff

Plaintiff designates Bronx County as the place of trial.

**To the above named Defendants:**

      **You are hereby summoned** to answer the Verified Complaint in this action, and to serve a copy of your Verified Answer to the Verified Complaint, or, if the Verified Complaint is not served with this Summons, to serve a notice of appearance on the Plaintiff's attorneys within twenty days after the service of this Summons, exclusive of the day of service, where service is made by delivery upon you personally within the state, or, within 30 days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

DATED: New York, New York
         August 20, 2021

                                                  Yours, etc.

                                                  CAITLIN ROBIN AND ASSOCIATES PLLC
                                                  Kevin Volkommer, ESQ.
                                                  Attorney for Plaintiff
                                                  30 Broad Street Suite 702
                                                  New York, New York 10004
                                                  (646)-524-6026

TO:    THE CITY OF NEW YORK, Corporation Counsel, 100 Church Street, NY, NY 10007

         POLICE OFFICER Dwayne Carter, Shield No. 3894, NYPD 47th Precinct, 4111 Laconia Avenue, Bronx, NY 10466

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

-------------------------------------------------------------------- x

SHAKEENA GAILLARD, as Proposed Adminsitrator of the Estate of PIERRE CANN,

INDEX NO.:

Plaintiff,

VERIFIED COMPLAINT

-against-

THE CITY OF NEW YORK, POLICE OFFICER DWAYNE CARTER, SHIELD No. 3894, and POLICE OFFICERS JOHN DOES NUMBERS ONE THROUGH TEN,

JURY TRIAL DEMANDED

Defendants.

-------------------------------------------------------------------- X

Plaintiff SHAKEENA GAILLARD, as Proposed Adminsitrator of the Estate of PIERRE CANN, by his attorneys, Caitlin Robin & Associates, PLLC, as and for her Verified Complaint herein, alleges upon information and belief as follows:

## PRELIMINARY STATEMENT

1. This is a civil rights action to recover money damages arising out of defendants' violation of Plaintiff's decedent's rights as secured by the Civil Rights Act, 42 U.S.C. Sections 1983 and 1988, and of rights secured by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution, and the common law and the laws of the State of New York. On June 1, 2020 while in the vicinity of 133 Mercer Street, New York, New York, Plaintiff's decedent was arrested without probable cause by Defendant Police Officer Dwayne Carter, Shield No. 3894 of the 47th Precinct, along with multiple other John and Jane Doe NYPD Police Officers and Sergeants. On this date, Defendants unlawfully stopped and searched Plaintiff's decedent without probable cause. Defendants then handcuffed and unlawfully arrested claimant for no valid reason. Additionally, Defendants pushed, punched, and kicked Plaintiff's decedent causing physical injury. Defendants then falsely charged Plaintiff's decedent with Burglary in the absence of probable cause. A judge set bail on Plaintiff's decedent based on these false allegations. Plaintiff's decedent spent approximately ninety (90) days unlawfully incarcerated, until all charges were dismissed against Plaintiff's decedent on or about September 1, 2020. The New York County District Attorney's office dismissed the charges because they determined that the store Plaintiff's decedent was arrested for burglarizing, was never in fact burglarized. Plaintiff's decedent was deprived of his constitutional and common law rights when the individual Defendants unlawfully stopped, questioned, frisked, searched, confined, assaulted, battered, subjected to excessive force, falsely arrested, falsely imprisoned, and denied Plaintiff's decedent the right to due process and a fair trial in violation of the Fourth, Fifth and Fourteenth

- 2 -

Amendments to the United States Constitution, the common law and the laws of the State of New York.

## PARTIES

2. Plaintiff, SHAKEENA GAILLARD, is the parent and natural guardian of decedent's biological son and natural heir. Plaintiff is a resident of the State of New York. Plaintiff is currently in the process of obtaining Letters of Administration for the decedent's estate.

3. POLICE OFFICER DWAYNE CARTER, SHIELD No. 3894, is and was at all times relevant herein, an officer, employee, and agent of the New York City Police Department.

4. POLICE OFFICER DWAYNE CARTER, SHIELD No. 3894, was at all times relevant herein, assigned to the 47th Precinct.

5. POLICE OFFICER DWAYNE CARTER, SHIELD No. 3894, is being sued in his individual and official capacity.

6. New York City Police Officers John Does #1-10 are and were at all times relevant herein officers, employees, and agents of the New York City Police Department.

7. Police Officers John Does #1-10 are being sued in their individual and official capacities.

8. At all times relevant herein, the individual Defendants were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of the New York City Police Department, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. They were acting for and on behalf of the New York City Police Department at all times relevant herein, with the power and authority vested in them as officers, agents and employees of the New York City Police Department and incidental to the lawful pursuit of their duties as officers, employees and agents of the New York City Police Department.

9. Defendant City of New York is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible. The Defendant City of New York assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risks attach to the public consumers of the services provided by the New York City Police Department.

10. Plaintiff in furtherance of her causes of action brought pursuant to New York State law filed a timely Notice of Claim against the CITY OF NEW YORK in compliance with the Municipal Law Section 50 and in accordance with New York State law.

11. In accordance with New York State law and General Municipal Law Section 50, Plaintiff's 50 H has not yet been held, but this Complaint needed to be filed to preserve Plaintiff's rights.

12. More than thirty (30) days have elapsed since service of said Notice of Claim was filed and THE CITY OF NEW YORK has failed to pay or adjust the claims.

13. This action falls within one or more of the exceptions as set forth in CPLR Section 1602, involving intentional actions, as well as the Defendant, and/or Defendants, having acted in reckless disregard for the safety of others, as well as having performed intentional acts.

14. Plaintiff has sustained damages in an amount in excess of the jurisdictional limits of all the lower Courts of the State of New York.

## STATEMENT OF FACTS

15. On June 1, 2020, at approximately 2:00 a.m., Plaintiff's decedent was lawfully present in the vicinity of 133 Mercer Street, New York, New York, when the Defendant police officers unlawfully stopped, questioned, frisked, and falsely arrested Plaintiff's decedemt without probable cause or legal justification.

16. Plaintiff's decedent was walking down Mercer Street, returning home from work.

17. The Defendant Police Officers grabbed Plaintiff, threw him to the ground, and immediately handcuffed him.

18. At no time relevant herein did Plaintiff's decedent commit a crime or violate the law in any way, nor did the police officer have an objective reason to accuse Plaintiff's decedent of committing a crime or violating the law in any way.

19. Nevertheless, Plaintiff's decedent was unlawfully arrested and handcuffed by defendant officers without legal justification or probable cause.

20. Plaintiff's decedent did not resist arrest.

21. Defendant Officers then unlawfully search Plaintiff's decedent without his consent.

22. No contraband or anything illegal was found on Plaintiff's decedent.

23. Defendant Officers accused Plaintiff's decedent of looting a nearby shop even though the shop had not been broken into or burglarized.

24. Defendant Officers punched, kicked, and pushed Plaintiff's decedent during this arrest causing Plaintiff's decedent physical injury, including but not limited to cuts, bruises, and contusions on Plaintiff's decedent's legs and knees.

25. Defendants then transported Plaintiff's decedent to the 47th Precinct police station against his will, where Plaintiff's decedent was unlawfully photographed, fingerprinted and detained in a holding cell.

26. Plaintiff's decedent continually asked what he was being arrested for but the Defendant Officers refused to tell him.

27. Plaintiff's decedent was then transported to Central Bookings.

28. The Defendant police officers provided the District Attorney's Office with the false, misleading and/or incomplete information that Plaintiff's decedent committed a crime.

29. Specifically, the Defendant police officers falsely stated to the District Attorney's Office that Plaintiff's decedent was engaged in Burglary.

30. Plaintiff's decendent was on parole in Pennsylvania at the time of this unlawful arrest.

31. Based on the Officers false allegations, the Judge remanded Plaintiff's decedent to custody, and he was transported to Rikers Island.

32. Due to a prior arrest in Pennsylvania and his parole, Plaintiff's decedent was extradited back to Pennsylvania.

33. Plaintiff's decedent was jailed for approximately three months before the New York County District Attorney's Office dismissed and sealed all charges because the store Plaintiff's decedent was accused of burglarizing, was never in fact burglarized.

34. No crime had occurred, yet Plaintiff's decedent had been accused of committing a crime, and unlawfully jailed as a result.

35. On September 1, 2020, Plaintiff's decedent's New York County Criminal case was dismissed and the matter was sealed.

36. Due to a parole hold in Pennsylvania however, Plaintiff's decedent was not released from custody until on or about September 16, 2020.

37. Some of the police officer Defendants observed the violation of Plaintiff's decedent's rights under the Constitution of the United States and New York State Law and did nothing to prevent their fellow officers from unjustifiably searching, seizing, assaulting, battering, using excessive force, falsely arresting and imprisoning, and denying Plaintiff the right to due process and a fair trial

38. The unlawful, search, seizure, assault, battery, use of excessive force, false arrest and imprisonment, and denial of Plaintiff's decedent's right to a fair trial by the individually named Defendants caused Plaintiff's decedent to sustain physical, psychological and emotional trauma.

## FIRST CAUSE OF ACTION

### Violation of Plaintiff's Fourth and Fourteenth Amendment Rights

39. The Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 38 with the same force and effect as if more fully set forth at length herein.

40. The individually named police officer Defendants while acting in concert and within the scope of their authority, caused Plaintiff's decedent to be seized, unlawfully searched, falsely arrested, and falsely imprisoned, and maliciously prosecuted without reasonable suspicion and/or probable cause, in violation of Plaintiff's decedent's right to be free of an unreasonable seizure under the Fourth Amendment of the Constitution of the United States and to be free of a deprivation of liberty under the Fourteenth Amendment to the Constitution of the United States.

41. As a result of the aforementioned conduct of Defendants, Plaintiff's decedent sustained injuries, including but not limited to physical, emotional, psychological and economic injuries.

## SECOND CAUSE OF ACTION

### False Arrest and False Imprisonment

42. The Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 41 with the same force and effect as if more fully set forth at length herein.

43. The acts and conduct of the Defendants constitute false arrest and false imprisonment under the laws of the State of New York. Defendants intended to confine Plaintiff's decedent and, in fact, confined Plaintiff's decedent, and Plaintiff's decedent was conscious of the confinement. In addition, Plaintiff's decedent did not consent to the confinement and the confinement was not otherwise privileged.

44. As a direct and proximate result of such acts, Defendants deprived Plaintiff's decedent of his rights under the laws of the State of New York and the United States Constitution.

45. Defendants were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

46. The City, as the employer of the officer Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

47. As a result of the aforementioned conduct of Defendants, Plaintiff's decedent sustained injuries, including but not limited to physical, economic, emotional and psychological injuries.

## THIRD CAUSE OF ACTION

### Unlawful Stop, Question, and Frisk

48. The Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 47 with the same force and effect as if more fully set forth at length herein.

49. The illegal approach, pursuit, stop, questioning and frisk employed by Defendants herein terminated Plaintiff's decedent's freedom of movement through means intentionally applied.

50. The conduct of Defendants in stopping, frisking, and searching Plaintiff's decedent was performed under color of law and without any reasonable suspicion of criminality or other constitutionally required grounds.

51. As a direct and proximate result of such acts, Defendants deprived Plaintiff's decedent of his rights under the laws of the State of New York.

52. Defendants were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

53. The City, as the employer of the officer Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

## FOURTH CAUSE OF ACTION

### Unlawful Search

54. The Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 53 with the same force and effect as if more fully set forth at length herein.

55. The illegal approach, pursuit, stop and search employed by Defendants herein terminated Plaintiff's decedent's freedom of movement through means intentionally applied.

56. Defendants lacked probable cause to search Plaintiff's decedent.

57. As a direct and proximate result of such acts, Defendants deprived Plaintiff's decedent of his rights under the laws of the State of New York.

58. Defendants were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

59. The City, as the employer of the officer Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

60. As a result of the aforementioned conduct of Defendants, Plaintiff's decedent sustained injuries, including but not limited to emotional and psychological injuries.

## FIFTH CAUSE OF ACTION

### Violation of Plaintiff's Fifth and Fourteenth Amendment Rights

### Denial of Right to Fair Trial/Due Process

61. The Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 60 with the same force and effect as if more fully set forth at length herein

62. Defendants, individually and collectively, manufactured and/or withheld false evidence and forwarded this false evidence to prosecutors in the New York County District Attorney's Office.

63. Defendants filled out false and misleading police reports and forwarded them to prosecutors in the New York County District Attorney's Office.

64. Defendants signed false and misleading criminal court affidavits and forwarded them to prosecutors in the New York County District Attorney's Office.

65. In withholding/creating false evidence against Plaintiff's decedent PIERRE CANN, and in providing/withholding information with respect thereto, Defendants violated Plaintiff's decedent's constitutional right to due process and fair trial under the New York State Constitution and under the Due Process Clause of the Fifth Amendment to the Constitution of the United States and to be free of a deprivation of liberty under the Fourteenth Amendment to the United States Constitution.

- 8 -

66. As a result of the foregoing, Plaintiff's decedent PIERRE CANN, sustained, inter alia, loss of the right to due process and a fair trial, loss of liberty, emotional distress, embarrassment and humiliation, lost earnings and deprivation of his constitutional rights.

67. Defendants were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

68. The City, as the employer of the officer Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

69. As a result of the aforementioned conduct of Defendants, Plaintiff's decedent sustained injuries, including but not limited to emotional and psychological injuries.

## SIXTH CAUSE OF ACTION

### Negligence

70. The Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 69 with the same force and effect as if more fully set forth at length herein.

71. Defendants owed a duty of care to Plaintiff's decedent.

72. To the extent Defendants claim that the injuries to Plaintiff's decedent by the Defendant Police Officers was unintentionally caused and that the force used by the Defendants against him was unintentional, then the Defendants breached that duty of care by punching, kicking, and pushing Plaintiff's decedent.

73. As a direct and proximate result of such acts, Defendants deprived Plaintiff's decedent of his rights under the laws of the State of New York.

74. All of the foregoing occurred without any fault or provocation by Plaintiff's decedent.

75. Defendants were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

76. The City, as the employer of the officer Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

77. As a result of the aforementioned conduct of defendants, Plaintiff's decedent sustained injuries, including but not limited to emotional and psychological injuries.

## SEVENTH CAUSE OF ACTION

- 9 -

### Violation of Plaintiff's Fourth And Fourteenth Amendment Rights

78. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 77 with the same force and effect as if more fully set forth at length herein.

79. The use of excessive force by Defendants by, amongst other things, punching, kicking, and pushing Plaintiff's decedent constituted objectively unreasonable physical seizures of Plaintiff's decedent in violation of his rights under the Fourth and Fourteenth Amendments to the Constitution of the United States and to be free of a deprivation of liberty under the Fourteenth Amendment to the Constitution of the United States.

80. Defendants were at all times agents, servants, and employees acting within the scope of his employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

### EIGHTH CAUSE OF ACTION

### Assault

81. The Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 80 with the same force and effect as if more fully set forth at length herein.

82. Defendants, their agents, servants and employees, acting within the scope of their employment, intentionally, willfully and maliciously assaulted Plaintiff's decedent in that they had the real or apparent ability to cause imminent harmful and/or offensive bodily contact and intentionally did a violent and/or menacing act which threatened such contact to the Plaintiff's decedent, that such acts caused apprehension of such contact in the Plaintiff.

83. As a direct and proximate result of such acts, Defendants deprived Plaintiff's decedent of his rights under the laws of the State of New York.

84. Defendants were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

85. The City, as the employer of the officer Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

86. As a result of the aforementioned conduct of Defendants, Plaintiff's decedent sustained injuries, including but not limited to emotional and psychological injuries.

### NINTH CAUSE OF ACTION

### Battery

87. The Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 86 with the same force and effect as if more fully set forth at length herein.

88. Defendants, their agents, servants and employees, acting within the scope of their employment, intentionally, willfully and maliciously battered Plaintiff's decedent, when they, in a hostile and/or offensive manner pushed Plaintiff's decedent to the ground, punched him, and kicked him with the intention of causing harmful and/or offensive bodily contact to the Plaintiff's decedent and caused such battery.

89. As a direct and proximate result of such acts, Defendants deprived Plaintiff's decednt of his rights under the laws of the State of New York.

90. Defendants were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

91. The City, as the employer of the officer Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

92. As a result of the aforementioned conduct of Defendants, Plaintiff's decedent sustained injuries, including but not limited to emotional and psychological injuries.

### TENTH CAUSE OF ACTION

### Malicious Prosecution

93. The Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 92 with the same force and effect as if more fully set forth at length herein.

94. The acts and conduct of the Defendants constitute malicious prosecution under the laws of the State of New York and New York State common law.

95. Defendants commenced and continued a criminal proceeding against Plaintiff's decedent.

96. There was actual malice and an absence of probable cause for the criminal proceeding against Plaintiff's decedent and for each of the charges for which they were prosecuted.

97. The prosecution and criminal proceedings terminated in Plaintiff's decedent's favor on the aforementioned dates.

98. Plaintiff's decedent was subjected to a post-arraignment deprivation of liberty sufficient to implicate Plaintiff's decedent's Fourth Amendment rights.

99. As a direct and proximate result of such acts, Defendants deprived Plaintiff's decedent's of his rights under the laws of the State of New York and the United States Constitution.

100. The City, as the employer of the officer Defendants, is responsible for their wrongdoing under the doctrine of respondeat superior.

101. As a result of the aforementioned conduct of Defendants, Plaintiff's decedent sustained injuries, including but not limited to emotional and psychological injuries.

## ELEVENTH CAUSE OF ACTION

### Negligent Infliction of Emotional Distress

102. The Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 101 with the same force and effect as if more fully set forth at length herein.

103. By the actions described herein, Defendants, each acting individually and in concert with each other, engaged in extreme and outrageous conduct, conduct utterly intolerable in a civilized community, which negligently caused severe emotional distress to Plaintiff's decedent, PIERRE CANN.

104. The acts and conduct of the Defendants were the direct and proximate cause of injury and damage to Plaintiff's decedent and violated Plaintiff's decedent's statutory and common law rights as guaranteed to Plaintiff's decedent by the laws and Constitution of the State of New York.

105. As a direct and proximate result of such acts, Defendants deprived Plaintiff's decedent of his rights under the laws of the State of New York.

106. Defendants were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

107. The City, as the employer of the officer Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

108. As a result of the aforementioned conduct of Defendants, Plaintiff's decedent sustained injuries, including but not limited to emotional and psychological injuries.

## TWELTH CAUSE OF ACTION

### Negligent Hiring, Retention, Training and Supervision

109. The Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 108 with the same force and effect as if more fully set forth at length herein.

110. The City of New York and its employees, servants and/or agents acting within the scope of their employment did negligently hire, retain, train and supervise Defendants, individuals who were unfit for the performance of police duties on the aforementioned dates at the aforementioned locations.

111. As a result of the aforementioned conduct of Defendants, Plaintiff's decedent sustained injuries, including but not limited to emotional and psychological injuries.

## THIRTEENTH CAUSE OF ACTION

### Failure to Intervene

112. The Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 111 with the same force and effect as if more fully set forth at length herein.

113. The Defendants that did not physically touch Plaintiff's decedent, but were present when other officers violated Plaintiff's decedent's Constitutional Rights had an affirmative duty to intervene on behalf of Plaintiff's decedent, whose constitutional rights were being violated in their presence by other officers.

114. Defendants failed to intervene to prevent the unlawful conduct described herein.

115. As a result of the foregoing, Plaintiff's decedent's liberty was restricted for an extended period of time, he was put in fear of his safety, and he was humiliated and subject to other physical constraints.

116. As a direct and proximate result of such acts, Defendants deprived Plaintiff's decedent of his rights under the laws of the State of New York.

117. Defendants were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

118. The City, as the employer of the officer Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

119. As a result of the aforementioned conduct of Defendants, Plaintiff's decedent sustained injuries, including but not limited to emotional and psychological injuries.

## JURY DEMAND

120. Plaintiff hereby demands trial by jury of all issues properly triable thereby.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff SHAKEENA GAILLARD, as Proposed Adminsitrator of the Estate of PIERRE CANN, demands judgment against the Defendants on each cause of action in amounts to be determined upon the trial of this action which exceeds the jurisdiction of lower courts, inclusive of punitive damages and attorneys' fees inclusive of costs and disbursements of this action, interest and such other relief as is appropriate under the law. That the Plaintiff recover the cost of the suit herein, including reasonable attorney's fees pursuant to 42 U.S.C. § 1988.

Dated:  New York, New York
        August 20, 2021

                                        By: _____
                                        CAITLIN    ROBIN    AND
                                        ASSOCIATES PLLC
                                        KEVIN VOLKOMMER, ESQ.
                                        Attorney for Plaintiff
                                        30 Broad Street Suite 702
                                        New York, New York 10004
                                        (646)-524-6026

TO:     THE CITY OF NEW YORK, Corporation Counsel, 100 Church Street, NY, NY 10007

        POLICE OFFICER Dwayne Carter, Shield No. 3894, NYPD 47th Precinct, 4111 Laconia Avenue, Bronx, NY 10466

## ATTORNEY'S VERIFICATION

**KEVIN VOLKOMMER,** an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalties of perjury:

I am a partner of the law firm of **CAITLIN ROBIN AND ASSOCIATES PLLC**, I have read the annexed **VERIFIED COMPLAINT** and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files. The reason this verification is made by me and not Plaintiff is because Plaintiff does not reside in the county wherein I maintain my office.

DATED: New York, New York
       August 20, 2021

                                            KEVIN VOLKOMMER